(54 Misc. Rep. 459.)

### BANKERS' TRUST CO. v. DIETZ et al.

(Supreme Court, Special Term, New York County. May, 1907.)

WILLS—CONSTRUCTION—CHARGE ON REALTY.

Testator bequeathed $5,000 to be paid to the legatee as soon after his decease as possible, pending the payment the legatee to receive interest thereon from the trustee under the will. By a residuary clause, he left the remainder of his property in trust in one part of which the legatee had a contingent remainder. *Held*, that where the testator gave the executor no power of sale, and in the absence of circumstances justifying the conclusion that the legacy was to be charged on the real estate, the court will not find such intention.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 49, Wills, § 2115.]

Action by the Bankers' Trust Company, trustee of William Henry White, against Frederick Dietz and others for partition. Exceptions to report of referee. Report modified.

White & Case, for plaintiff.

Joseph M. Hartfield, for Bankers' Trust Company and others.

Daniel Nason, for Ethelinda Dietz and others.

Quigg, Bostwick & Coleman, for Howard J. Dietz and Susie M. Dietz.

Fritz W. Hoeninghaus, guardian ad litem, for Robert E. Dietz and Ethelinda S. Dietz.

Leonard Hull Smith, guardian ad litem, for Marian Louise Dennison.

Frank W. Arnold, guardian ad litem, for Kenneth Tarbox and Russell Tarbox.

Edward E. Crittenden, referee.

LEVENTRITT, J. This is an action in partition. The issues were referred, and a motion is now made to confirm the referee's report. Upon exceptions filed, the only question presented is whether the defendant Ethelinda Dietz has any interest in the real property sought to be partitioned. This defendant claims under the will of William Henry White, deceased, which, after making provision for the payment of debts and funeral expenses and the distribution of various articles of household and other effects, contains the following clause:

"Third: I give and bequeath unto Miss Ethelinda Dietz, first cousin of my deceased wife, now residing in Albany, N. Y., the sum of five thousand dollars, the same to be paid to her as soon after my decease as possible in the judgment of my said trustee, and pending the payment to her of said sum she shall receive from my said trustee interest thereon at and after the rate of six per cent."

This is followed by a residuary clause, wherein all the residue of the testator's property "real, personal and mixed" is left in trust to be divided into three parts, in one of which Ethelinda Dietz has a contingent remainder.

Upon the reference the parties stipulated that the account of the administratrix showed that so much of the personalty of the estate of William Henry White as had been reduced to the possession of the administratrix was insufficient to pay the decedent's debts. It was further stipulated that the question whether or not this defendant was entitled to a lien on the real property involved should be determined as a question of law upon the pleadings and the will, "without respect to whether the personal property which may hereafter be reduced to possession by the administratrix will be sufficient or insufficient to pay the balance of the debts and Miss Dietz's gift." In other words, the determination of the question depends upon a construction of the will without recourse to facts aliunde the will.

The referee has found and reported that the defendant Ethelinda Dietz has a lien on the real property which is the subject of this action to the extent of the $5,000 bequeathed under the third clause of the will. I do not concur in that conclusion. The bequest to this defendant was in the form of a general legacy. It is settled beyond question in this state that such legacies are payable primarily out of personalty, and cannot be charged upon lands included in a residuary clause, in the absence of express direction or manifest intention in the will or proof of extrinsic circumstances justifying the conclusion that the testator intended them to be so charged. Irwin v. Teller, 188 N. Y. 25, 80 N. E. 376; Brill v. Wright, 112 N. Y. 129, 19 N. E. 628, 8 Am. St. Rep. 717; Wiltsie v. Shaw, 100 N. Y. 191, 3 N. E. 331; McCorn v. McCorn, 100 N. Y. 511, 3 N. E. 480. Here the will is relied on as establishing such an intention. There is no direction in the will that this legacy shall be a charge on the realty or that it shall be payable out of the trust fund. It is contended, however, that the direction to the trustee to pay "as soon as possible," with the further direction for payment of interest, makes the gift not a legacy, but rather a charge upon the residuary trust estate. This contention begs the question, but is not justified by the language of the will. The mere direction to the trustee to pay, without naming the residuary trust as the fund out of which payment shall be made or making that fund subject to such payment, is insufficient to make the bequest a charge upon the trust estate, or to change its character as a general legacy. Nor does the use of the word "trustee," in the direction to pay or the allowance of interest on the legacy, indicate an intention to make the bequest a charge upon the real estate. The testator used the terms "executor" and "trustee" synonymously. He referred to the same person; and it could not be seriously urged that the direction to the trustee to pay

the legacy prohibited its payment by the executor. The allowance of interest has no bearing upon the question of the testator's intention. Neither the executor nor the trustee is vested by the testator with power of sale, which fact alone tends to negative a constructive intention to charge the realty with the defendant's legacy. Furthermore, the devise under the residuary clause of a contingent interest in a portion of the trust estate to this defendant points conclusively to the fact that the testator recognized the distinction between a general legacy and a bequest chargeable upon the trust.

This case presents a situation coming within the rule expressed in Brill v. Wright, supra, where the court, by Andrews, J., say:

"Where in a will general legacies are given, followed by a gift of all the rest and residue of the real and personal property of the testator, by a residuary clause in the usual form and nothing more, it must now, we think, be regarded as the established rule in this state that the language of the will alone unaided by extrinsic circumstances is insufficient to charge legacies upon lands included in the residuary devise."

This rule is sanctioned and applied in a long line of decisions, the most recent of which is Irwin v. Teller, 188 N. Y. 25, 80 N. E. 376.

The determination of this question rests, as I have stated, solely upon a construction of the will, without reference to facts aliunde; and I fail to find anywhere in the instrument a direction express or implied, or even a permissive intention, that the general legacy of Ethelinda Dietz shall be charged against the testator's real property devised under the residuary clause.

It follows, therefore, that this defendant has no interest in or lien upon the premises under partition, and that the referee's report must be modified accordingly. Ordered accordingly.